Philip K. Goldstein, Esq.
Nevada Bar #4275
LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.
609 South Seventh Street
Las Vegas, NV 89101
(702) 388-2004
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) | |
| ) | CASE NO. 09-31139 lbr |
| LANCE ATCHISON, ) | CHAPTER 13 |
| CHERYL ATCHISON, ) | |
| ) | Date of Hearing: 3/11/10 |
| Debtor. ) | Time of Hearing: 2:30 P.M. |
| ) | |

## MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF HFC (****8661) PURSUANT TO 11 U.S.C. §506(a) AND §1322

Now Comes, LANCE & CHERYL ATCHISON (hereinafter the "Debtors"), by and through their attorney, PHILIP K. GOLDSTEIN, ESQ. of the LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD., and move this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and states:

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157.

## STATEMENT OF FACTS

1.    On November 6, 2009, Debtors filed a Voluntary Petition under Chapter 13, Title 11, of the United States Code, case number 09-31139 lbr.

2.      In their petition, debtors listed their home which is located at 4851 Villa Carmen Cr., Las Vegas, Nevada (hereinafter referred to as "Home"), with a value of $152,500, and a mortgage balance totaling $248,967.

3.      However, upon further investigation and an actual appraisal, the Home is valued at $75,000. (See appraisal attached hereto "Exhibit 1").

4.      At the time of filing, the "Home" was encumbered by a first mortgage with Chase. That mortgage has a balance of $160,453.61. (See proof of claim from Chase, attached hereto and marked as "Exhibit 2").

5.      On the petition date, Debtor owed money to HFC (hereinafter the "CREDITOR HFC"), identified in Schedule D in debtors' petition.

6.      Based on the appraisal (exhibit 1), the home value of $75,000, less the first mortgage balance of $160,453.61, results in negative equity, or **no** equity upon which the "CREDITOR HFC" claim could attach. (See Exhibits 1 through 2).

7.      "CREDITOR HFC's" claim is wholly unsecured and if the "Home" was sold at auction Creditor would receive nothing.

8.      Accordingly, the Debtors request that this Court find that the claim of "CREDITOR HFC" is unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtor's chapter 13 plan.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C.§506(a),despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured...claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim
>
> ...
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since the claim of "CREDITOR HFC" is wholly unsecured (in that there is no extant equity above the first mortgage in the home), Your Honor should reclassify said claim to a general unsecured claim to receive pro rata with like unsecured creditors. "CREDITOR HFC" should also be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Further, the debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion to "strip off" "CREDITOR HFC's" consensual lien by motion. *See In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill*, 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,313 B.R. 545 (Bankr.N.D.N.Y.2004)*, *In re Bennett*, 312 B.R. 843 (Bankr.W.D.Ky.2004).

## CONCLUSION

WHEREFORE, Debtor prays as follows:

1.    Find that "CREDITOR HFC" is not a holder of a lien on the home;

2.    Immediately avoid, "Strip off", cancel and extinguish "CREDITOR HFC's" wholly unsecured claim/lien from the home pursuant to 11 U.S.C. Section 506(a);

3.    Reclassify "CREDITOR HFC's" claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

4.    Such other relief the Court finds appropriate.

DATED: This 29TH day of January, 2010.

LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.

By: /s/ Philip K. Goldstein
        PHILIP K. GOLDSTEIN, ESQ.
        Nevada Bar #4275
        Attorney for Debtor

**EXHIBIT 1**

PARKER DRISCOLL APPRAISAL
702-254-0977

File No. 9-834

# APPRAISAL OF



SINGLE FAMILY RESIDENCE

## LOCATED AT:

4851 VILLA CARMEN CIRCLE
NORTH LAS VEGAS, NV 89031-1085

## CLIENT:

ATCHISON/CO PHILIP L GOLDSTEIN, LTD
609 SOUTH SEVENTH STREET
LAS VEGAS, NV 89101

## AS OF:

September 23, 2009

## BY:

JAMES DRISCOLL
PARKER DRISCOLL APPRAISAL

PARKER DRISCOLL APPRAISAL

## Residential Appraisal Report

File No. 9-634

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

Client Name/Intended User ATCHISON/CO PHILIP L GOLDSTEIN, LTD    E-mail FOUR@PKGLTD.COM

Client Address  609 SOUTH SEVENTH STREET    City LAS VEGAS    State NV    Zip 89101

Additional Intended User(s) THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE DEFINED VALUE OF THE SUBJECT PROPERTY FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.

Intended Use THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE DEFINED VALUE OF THE SUBJECT PROPERTY FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.

Property Address 4851 VILLA CARMEN CIRCLE    City NORTH LAS VEGAS    State NV    Zip 89031-1085

Owner of Public Record ATCHISON    County CLARK

Legal Description VILLAS DE VIENTOS PLAT BOOK 47 PAGE 20 LOT 10 BLOCK 1

Assessor's Parcel # 124-33-415-043    Tax Year 2009    R.E. Taxes $ 1,566.17

Neighborhood Name VILLAS DE VIENTOS    Map Reference 24-E6    Census Tract 3607

Property Rights Appraised  [X] Fee Simple   [ ] Leasehold   [ ] Other (describe) N/A

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:    Date N/A    Price N/A    Source(s) COUNTY RECORDS/MLS

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)  THE SUBJECT HAS NOT BEEN LISTED IN THE MLS WITHIN THE PAST TWELVE MONTHS. HAS HAD NO TRANSACTIONS WITHIN THE PAST THREE YEARS. ALL SALES WERE REPORTED CLOSED WITH TYPICAL FINANCING. THE REPORTED SALES CONCESSIONS BEING PAID FOR BY THE SELLER ARE TYPICAL IN THE MARKET PLACE

Offerings, options and contracts as of the effective date of the appraisal  N/A

| | | | | | | | | | PRICE | AGE | | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban | [X] Suburban | [ ] Rural | Property Values | [ ] Increasing | [ ] Stable | [X] Declining | | $(000) | (yrs) | One-Unit | | 80 % |
| Built-Up | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | Demand/Supply | [ ] Shortage | [ ] In Balance | [X] Over Supply | | | | 2-4 Unit | | 5 % |
| Growth | [ ] Rapid | [X] Stable | [ ] Slow | Marketing Time | [ ] Under 3 mths | [X] 3-6 mths | [ ] Over 6 mths | | 50 Low | NEW | Multi-Family | | 5 % |
| | | | | | | | | | 420+ High | 20+ | Commercial | | 5 % |
| | | | | | | | | | 135 Pred. | 15-20 | Other VACANT | | 5 % |

Neighborhood Boundaries  ANN RD TO THE NORTH, LONE MOUNTAIN RD TO THE SOUTH, CAMINO AL NORTE TO THE EAST, AND ALLEN LN TO THE WEST

Neighborhood Description  THE SUBJECT IS LOCATED IN A RESIDENTIAL AREA WHERE THE HOMES ARE REASONABLY COMPATIBLE. STREET PATTERNS ARE GOOD SITES ARE ADEQUATE AND THE SUBJECT IS TYPICAL FOR THE NEIGHBORHOOD. NO NEIGHBORHOOD FACTORS WERE NOTED THAT WOULD ADVERSELY AFFECT THE SUBJECT PROPERTY.

Market Conditions (including support for the above conclusions)  PREVAILING INTEREST RATES ARE RANGING FROM 4.0% TO 10.0%. TYPICALLY SELLERS ARE PAYING FROM 0 TO 3 PERCENT IN THE MARKETING OF THEIR HOMES. MARKET CONDITIONS APPEAR TO BE DECLINING WITH DECLINING PROPERTY VALUES. THIS IS DUE TO REO, SHORT SALES, AND FORECLOSURES WITHIN THE MARKET AREA

Dimensions SEE ATTACHED PLAT MAP    Area 8037 SQ FT    Shape IRREGULAR    View TYPICAL

Specific Zoning Classification PUD    Zoning Description PLANNED UNIT DEVELOPMENT

Zoning Compliance  [X] Legal   [ ] Legal Nonconforming (Grandfathered Use)   [ ] No Zoning   [ ] Illegal (describe) N/A

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes [ ] No  If No, describe. N/A

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street ASPHALT | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley NONE/TYPICAL | | |

Site Comments.  NO ADVERSE EASEMENTS OR ENCROACHMENTS WERE APPARENT. HOWEVER, MY INSPECTION WAS MADE WITHOUT THE BENEFIT OF A TITLE REPORT OR SURVEY.

| Units [X] One [ ] One w/Acc. unit | | | [X] Concrete Slab [ ] Crawl Space | Foundation Walls CONCRETE/AVG | Floors CPT/TIL/AVG |
|---|---|---|---|---|---|
| # of Stories 1 | | | [ ] Full Basement [ ] Partial Basement | Exterior Walls FR/STUCCO/AVG | Walls DRYWALL/AVG |
| Type [X] Det [ ] Att. [ ] S-Det/End Unit | | | Basement Area 0.0000 sq. ft. | Roof Surface CONC TILE/AVG | Trim/Finish WOOD/AVG |
| [X] Existing [ ] Proposed [ ] Under Const. | | | Basement Finish N/A % | Gutters & Downspouts NONE | Bath Floor TIL/AVG |
| Design (Style) 1 STORY | | | [ ] Outside Entry/Exit [ ] Sump Pump | Window Type SLIDE/AVG | Bath Wainscot TIL/FIBER/AVG |
| Year Built 1993 | | | | Storm Sash/Insulated NONE | Car Storage [ ] None |
| Effective Age (Yrs) 5-10 | | | | Screens YES/AVG | [X] Driveway # of Cars 2 |
| Attic [ ] None | | | Heating [X] FWA [ ] HW [ ] Radiant | Amenities WoodStove(s) # | Driveway Surface CONCRETE |
| [ ] Drop Stair [ ] Stairs | | | [ ] Other Fuel GAS | [X] Fireplace(s) # 1 [X] Fence c-bLk | [X] Garage # of Cars 2 |
| [ ] Floor [X] Scuttle | | | Cooling [X] Central Air Conditioning | [X] Patio/Deck COVERD [X] Porch COVERED | [ ] Carport # of Cars |
| [ ] Finished [ ] Heated | | | [ ] Individual [ ] Other | [X] Pool INGROUND [ ] Other | [X] Att. [ ] Det. [ ] Built-In |
| Appliances [ ] Refrigerator [X] Range/Oven [X] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer [ ] Other (describe) | | | | | |
| Finished area above grade contains    6 Rooms    2 Bedrooms    1    1,398 Square Feet of Gross Living Area Above Grade | | | | | |

Additional Features  SUBJECT FEATURES INCLUDE: COVERED PORCH, COVERED PATIO, INGROUND POOL, TILE IN THE ENTRY, LIVING, KITCHEN, AND BATHROOMS, CARPET IN THE BEDROOMS, ETC

Comments on the improvements  THE QUALITY OF CONSTRUCTION AND MATERIALS IS AVERAGE WITH MINOR DEFERRED MAINTENANCE. IT SHOULD BE NOTED THAT THE SUBJECT PROPERTY HAS AN INOPERABLE POOL. THE HOME OWNER IS IN THE PROCESS OF FILLING IT IN WITH DIRT AS IT LEAKS AND HAS CAUSED SETTLING ISSUES WITH A NEIGHBORS PROPERTY. THE HOME OWNER INDICATED THE COST TO REPAIR THE POOL IS APPROXIMATELY $15,000. THE COST TO FILL THE POOL WITH DIRT IS APPROXIMATELY $2,000. THE APPRAISER HAS UTILIZED ONLY ONE COMPARABLE WITH A POOL AND A NEGATIVE ADJUSTMENT FOR THE POOL IMPROVEMENT HAS BEEN MADE FOR THIS COMPARABLE. NO ADJUSTMENTS FOR THE LACK OF POOL IMPROVEMENTS HAVE BEEN MADE FOR THE OTHER COMPARABLES UTILIZED DUE TO THE CONDITION OF THE SUBJECT PROPERTY POOL. THE APPRAISAL HAS BEEN PERFORMED "AS-IS" WITH A COST TO CURE OF $2,000 TAKEN INTO CONSIDERATION TO FILL THE SUBJECT POOL WITH DIRT. FURTHER, THE SUBJECT POOL IS EMPTY AND PRESENTS HEALTH AND SAFETY ISSUES IN ITS CURRENT CONDITION PLEASE NOTE THE APPRAISER ASSUMES NO LIABILITY FOR FUNCTIONAL INADEQUACIES WHICH ARE NOT READILY VISIBLE. IF FURTHER ASSISTANCE IS REQUIRED THE APPRAISER RECOMMENDS AN INSPECTION BY A LICENSED EXPERT IN THE FIELD

Produced using ACI software 800.234.8727 www.aciweb.com    The form Copyright © 2005-2009 ACI Division of ISO Claims Services, Inc. - All Rights Reserved
Page 1 of 2    GPAR™ Genesis Products Appraisal Report 1/2009
GPAR_RES_01/19/2007

gpar™

PARKER DRISCOLL APPRAISAL
## Residential Appraisal Report

File No. 9-634

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 4851 VILLA CARMEN CIRCLE | 4823 CAMINO HERMOSO | | 1217 TARAMAR ST | | 2912 SHADY GARDEN CT | |
| Address NORTH LAS VEGAS | | NORTH LAS VEGAS | | NORTH LAS VEGAS | | NORTH LAS VEGAS | |
| Proximity to Subject | | 0.07 miles SE | | 0.56 miles ENE | | 0.90 miles NW | |
| Sale Price | $ N/A | | 72,500 | | 80,000 | | 80,500 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 51.93 sq. ft. | | $ 57.31 sq. ft. | | $ 57.46 sq. ft. | |
| Data Source(s) | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | |
| Verification Source(s) | | 20090420-04729 | | 20090717-04284 | | 20090731-02848 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | CASH | | CONV | | CONV | |
| Concessions | | NO CONCESS | 0 | SLR PD 3% | 0 | NO CONCESS | 0 |
| Date of Sale/Time | | 04/20/2009 | -7,250 | 07/17/2009 | -3,200 | 07/31/2009 | -1,530 |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 8037 SQ FT | 5081 SQ FT | | 5566 SQ FT | | 6782 SQ FT | 0 |
| View | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | 1 STORY/AVG | | 1 STORY/AVG | |
| Quality of Construction | STU/TIL/AVG | STU/TIL/AVG | | STU/TIL/AVG | | STU/TIL/AVG | |
| Actual Age | 1993 | 1991 | 0 | 1992 | 0 | 2002 | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 6 / 2 / 2 | 6 / 2 / 2 | | 5 / 3 / 2 | COMMENT | 6 / 2 / 2 | |
| Gross Living Area | 1,396 sq. ft. | 1,396 sq. ft. | 0 | 1,396 sq. ft. | 0 | 1,401 sq. ft. | 0 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | MLS# N/A | MLS# 487028 (DOM 206) | REO | MLS# 831958 (DOM 85) | REO | MLS# 945630 (DOM 47) | REO |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA/C, REF | FWA/C, REF | | FWA/C, REF | | FWA/C, REF | |
| Energy Efficient Items | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Garage/Carport | 2-GARAGE | 2-GARAGE | | 2-GARAGE | | 2-GARAGE | |
| Porch/Patio/Deck | PORCH/PATIO | PORCH/PATIO | | PORCH/PATIO | | PORCH/PATIO | |
| | POOL/N SPA | N POOL/N SPA | COMMENT | N POOL/N SPA | COMMENT | N POOL/N SPA | COMMENT |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 7,250 | ☐ + ☒ - $ | 3,200 | ☐ + ☒ - $ | 1,530 |
| Adjusted Sale Price | | Net Adj -10.0% | | Net Adj -4.0% | | Net Adj -1.9% | |
| of Comparables | | Gross Adj 10.0% $ | 65,250 | Gross Adj 4.0% $ | 76,800 | Gross Adj 1.9% $ | 78,970 |

Summary of Sales Comparison Approach   THE APPRAISER IS LIMITED IN THE SELECTION OF COMPARABLE SALES THAT ARE VERIFIABLE IN THE
MARKET PLACE. TYPICAL BUYERS IN THE SUBJECT PRICE RANGE WILL CONSIDER AND COMPARE HOMES WITHIN
SEVERAL MILES FROM THE SUBJECT PROPERTY. ALL SELECTED COMPARABLES ARE IN THE SUBJECT'S COMPETITIVE MARKET AREA. THE
SELECTED SALES WERE THE BEST INDICATORS IN VALUE AND MOST COMPARABLE TO THE SUBJECT.

Site Value Comments   N/A

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE ........................ = $ | |
|---|---|---|
| Source of cost data N/A | Dwelling 1,396 Sq. Ft. @ $ ........... = $ | 0 |
| Quality rating from cost service N/A    Effective date of cost data N/A | Sq. Ft. @ $ ............. = $ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | |
| N/A | Garage/Carport 392 Sq. Ft. @ $ ......... = $ | 0 |
| | Total Estimate of Cost-New .................... = $ | 0 |
| | Less    Physical / Functional / External | |
| | Depreciation ....................... = $( | 0) |
| | Depreciated Cost of Improvements ............. = $ | 0 |
| | "As-is" Value of Site Improvements ............. = $ | |
| | INDICATED VALUE BY COST APPROACH ............. = $ | 0 |

Estimated Monthly Market Rent $ ....... N/A   X Gross Rent Multiplier   N/A   = $   N/A   Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM) N/A

Indicated Value by: Sales Comparison Approach $ 75,000    Cost Approach (if developed) $ N/A    Income Approach (if developed) $ N/A
THE SALES COMPARISON APPROACH PROVIDES THE MOST DEFENSIBLE METHOD OF DETERMINING VALUE FOR SINGLE FAMILY
RESIDENTIAL PROPERTIES. THE COST APPROACH HAS NO BEARING ON FINAL CONCLUSION. THE INCOME APPROACH LACKS SUFFICIENT
DATA TO JUSTIFY VALUE.

This appraisal is made ☒ "as is," ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, ☐ subject to the following:
THIS IS A GENERAL PURPOSE APPRAISAL REPORT. FORM GPAR1004 INTERIOR/EXTERIOR APPRAISAL/SUMMARY REPORT FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE
ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT. SEE ATTACHED LIMITING CONDITIONS.
Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property
that is the subject of this report is $ 75,000   as of 08/23/2009   , which is the effective date of this appraisal.



Produced using ACI software 800.234.8727 www.aciweb.com    The form Copyright © 2006-2008 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(GPAR™) General Purpose Appraisal Report. 1/2/2008    GP32.1004_08 81/23/2007

Parker Driscoll Appraisal

PARKER DRISCOLL APPRAISAL
## Residential Appraisal Report

File No. 9-634

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | | COMPARABLE SALE NO. 5 | | | COMPARABLE SALE NO. 6 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 4851 VILLA CARMEN CIRCLE | 1528 RIO BRAVO DR | | | 5206 LEOPARD CT | | | 5226 PORTLAND CT | | |
| Address: | NORTH LAS VEGAS | NORTH LAS VEGAS | | | NORTH LAS VEGAS | | | NORTH LAS VEGAS | | |
| Proximity to Subject | | 0.38 miles NE | | | 0.44 miles N | | | 1.25 miles WNW | | |
| Sale Price | $ | $ | 84,500 | | $ | 110,000 | | $ | 101,500 | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 64.11 sq. ft. | | | $ 74.98 sq. ft. | | | $ 81.27 sq. ft. | | |
| Data Source(s) | | COUNTY RECORDS/MLS | | | COUNTY RECORDS/MLS | | | COUNTY RECORDS/MLS | | |
| Verification Source(s) | | 20090526-03187 | | | 20090330-03114 | | | 20090731-01561 | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | | DESCRIPTION | +(-) $ Adjustment | | DESCRIPTION | +(-) $ Adjustment | |
| Sale or Financing | | VA | | | FHA | | | CASH | | |
| Concessions | | SLR PD 3% | 0 | | SLR PD 3% | 0 | | SLR PD 2% | 0 | |
| Date of Sale/Time | | 05/26/2009 | -3,211 | | 03/30/2009 | -11,000 | | 07/31/2009 | -2,030 | |
| Location | AVERAGE | AVERAGE | | | AVERAGE | | | AVERAGE | | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | | FEE SIMPLE | | | FEE SIMPLE | | |
| Size | 8037 SQ FT | 4500 SQ FT | 0 | | 6207 SQ FT | 0 | | 5653 SQ FT | 0 | |
| View | TYPICAL | TYPICAL | | | TYPICAL | | | TYPICAL | | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | | 1 STORY/AVG | | | 1 STORY/AVG | | |
| Quality of Construction | STU/TIL/AVG | STU/TIL/AVG | | | STU/TIL/AVG | | | STU/TIL/AVG | | |
| Actual Age | 1993 | 1990 | 0 | | 1996 | 0 | | 1994 | 0 | |
| Condition | AVERAGE | AVERAGE | | | AVERAGE | | | AVERAGE | | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | | Total / Bdrms / Baths | | | Total / Bdrms / Baths | | |
| Room Count | 6 / 2 / 2 | 5 / 3 / 2 | COMMENT | | 6 / 3 / 2 | COMMENT | | 5 / 3 / 2 | COMMENT | |
| Gross Living Area | 1,398 sq. ft. | 1,318 sq. ft. | 0 | | 1,467 sq. ft. | 0 | | 1,249 sq. ft. | +2,900 | |
| Basement & Finished | NONE | NONE | | | NONE | | | NONE | | |
| Rooms Below Grade | MLS# N/A | MLS# 914311 (DOM 73) | REO | | MLS# 896524 (DOM 125) | REO | | MLS# 827439 (DOM 129) | REO | |
| Functional Utility | AVERAGE | AVERAGE | | | AVERAGE | | | AVERAGE | | |
| Heating/Cooling | FWA/C, REF | FWA/C, REF | | | FWA/C, REF | | | FWA/C, REF | | |
| Energy Efficient Items | AVERAGE | AVERAGE | | | AVERAGE | | | AVERAGE | | |
| Garage/Carport | 2-GARAGE | 2-GARAGE | | | 2-GARAGE | | | 2-GARAGE | | |
| Porch/Patio/Deck | PORCH/PATIO | PORCH/PATIO | | | PORCH/PATIO | | | PORCH/PATIO | | |
| | POOL/N SPA | N POOL/N SPA | COMMENT | | N POOL/N SPA | COMMENT | | POOL/N SPA | -10,000 | |
| | | | | | | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 3,211 | | ☐ + ☒ - $ | 11,000 | | ☐ + ☒ - $ | 9,130 | |
| Adjusted Sale Price | | Net Adj -3.8% | | | Net Adj -10.0% | | | Net Adj -9.0% | | |
| of Comparables | | Gross Adj 3.8% $ | 81,289 | | Gross Adj 10.0% $ | 99,000 | | Gross Adj 14.7% $ | 92,370 | |
| Summary of Sales Comparison Approach | SEE ATTACHED ADDENDUM. | | | | | | | | | |

gpar

**ADDENDUM**

| | |
|---|---|
| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | File No.: 9-534 |
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: |
| City: NORTH LAS VEGAS | State: NV    Zip: 89031-1085 |

**Comments on Sales Comparison**
THE APPRAISAL IS BASED ON THE INFORMATION GATHERED BY THE APPRAISER FROM PUBLIC RECORDS, OTHER IDENTIFIED SOURCES, INSPECTION OF THE SUBJECT PROPERTY AND NEIGHBORHOOD AND SELECTION OF COMPARABLE SALES WITHIN THE SUBJECT MARKET AREA. THE ORIGINAL SOURCE OF THE COMPARABLE IS SHOWN IN THE "DATA SOURCE" SECTION OF THE MARKET GRID ALONG WITH THE SOURCE OF CONFIRMATION, IF AVAILABLE. THE ORIGINAL SOURCE IS PRESENTED FIRST. THE SOURCES AND DATA ARE CONSIDERED RELIABLE, WHEN CONFLICTING INFORMATION IS PROVIDED THE SOURCE DEEMED MOST RELIABLE HAS BEEN USED. DATA BELIEVED TO BE UNRELIABLE HAS NOT BEEN INCLUDED IN THE REPORT OR USED AS A BASIS FOR THE VALUE CONCLUSION.

PHYSICAL DEPRECIATION IS BASED ON THE ESTIMATED EFFECTIVE AGE OF THE SUBJECT PROPERTY AND STANDARD RATES OF DEPRECIATION WITHIN THE LOCAL MARKET. FUNCTIONAL AND/OR EXTERNAL DEPRECIATION, IF PRESENT, ARE SPECIFICALLY ADDRESSED IN THE APPRAISAL REPORT OR ADDENDUM.

IT IS NOT KNOWN BY THIS APPRAISER IF THERE IS ANY PENDING LEGAL ACTION AGAINST THIS BUILDER, IT IS BELIEVED THAT THERE IS NONE. HOWEVER, THIS APPRAISER AND/OR OFFICE WILL NOT BE HELD RESPONSIBLE IF ANY INFORMATION HAS BEEN WITHHELD. IT IS THIS APPRAISERS OPINION THAT THE WORKMANSHIP IS CONSISTENT WITH OTHER HOMES IN THIS AREA. ADDITIONALLY, THERE WERE NO OBVIOUS DEFICIENCIES NOTED AT THE TIME OF INSPECTION.

IN ADDITION, THE APPRAISER MAKES NO WARRANTIES AS TO THE OWNER'S ATTAINMENT OF PERMITS FOR ANY MODIFICATIONS TO THE SUBJECT PROPERTY AND ACCEPTS NO LIABILITY FOR ANY NON DISCLOSURE.

NO VALUE WAS GIVEN TO PERSONAL PROPERTY.

THERE HAVE BEEN APPROXIMATELY 24 COMPARABLE TRANSFERS WITHIN THE PAST 12 MONTHS RANGING FROM $66,795 TO $189,500, OF THESE APPROXIMATELY 5 APPEAR TO BE OPEN MARKET SALES RANGING FROM $98,900 TO $189,500. THERE WERE 5 FORECLOSURES RANGING FROM $66,795 TO $93,930, AND 14 REO SALES RANGING FROM $72,500 TO $155,000, BANK ACTIVITY ACCOUNTS FOR APPROXIMATELY 79% OF ALL TRANSFERS.

COUNTY RECORDS REFLECT PREVIOUS OWNER AND CURRENT OWNER, THEREFORE, SHORT SALE TRANSFERS MAY APPEAR TO BE OPEN MARKET, THE TRANSFERS ALSO INCLUDE PRIVATE TRANSFER ACTIVITY WHICH IS NOT INCLUDED IN THE MLS DATA PRESENTED. FURTHER, COUNTY RECORDS MAY NOT REFLECT THE MOST RECENT CLOSED MLS TRANSFERS DUE TO THE DELAY IN RECORDING.

THERE ARE CURRENTLY 15 ACTIVE LISTINGS OF THESE THERE ARE 13 REO/SHORT SALE LISTINGS RANGING FROM $76,900 TO $155,000, AND 2 OPEN MARKET LISTINGS RANGING FROM $85,000 TO $189,000. BANK ACTIVITY EQUATES TO APPROXIMATELY 87% OF ALL COMPARABLE LISTINGS AND PENDING SALES.

DAYS ON MARKET ARE NOT REFLECTIVE OF MARKET EXPOSURE TIME DUE TO CHANGES TO THE AMOUNTS OF THE ORIGINAL LIST PRICE, RESETTING THE DOM, AND SALE TO LIST PRICE RATIO. ACCORDING TO THE MLS THE AVERAGE DOM IS APPROXIMATELY 126 DAYS, AND THE AVERAGE SALES PRICE TO LIST PRICE RATIO IS APPROXIMATELY 100%. ACTUAL MARKET TIME APPEARS TO BE 3-6 MONTHS. THE RATE OF DECLINE APPEARS TO BE APPROXIMATELY 24% PER YEAR, OR 2% PER MONTH. THE APPRAISER HAS RESEARCHED COMPARABLES FOR THE PAST 12 MONTHS, AND COMPARABLE LISTINGS, THE WIDE RANGE IS DUE TO THE BANK ACTIVITY (FORECLOSURES, REO SALES, AND SHORT SALES), A TIGHTENING CREDIT MARKET, AN OVERSUPPLY OF INVENTORY.

REO/SHORT SALES HAVE BEEN UTILIZED IN THE PREPARATION OF THIS REPORT DUE TO THE FACT THEY ARE DRIVING THE MARKET

THE APPRAISER IS AWARE OF THE ESTIMATED MARKET VALUE BEING BELOW THAN THAT OF THE ESTIMATED PREDOMINANT NEIGHBORHOOD VALUE. HOWEVER, THERE ARE HOMES WITHIN THE SUBJECT'S MARKET AREA WHICH ARE LOWER THAN THE SUBJECT IN VALUE. IT IS THE OPINION OF THE APPRAISER THAT THE SUBJECT IS NOT AN UNDER IMPROVEMENT FOR IT'S NEIGHBORHOOD.

LOW TO HIGH RANGE OF COMPARABLE ADJUSTED SALES PRICES IS GREATER THAN 20% OF INDICATED VALUE BY SALES COMPARISON APPROACH. THIS IS DUE TO THE DIFFICULTY IN LOCATING COMPARABLE PROPERTIES TO THE SUBJECT SIMILAR IN AGE, GROSS LIVING AREA, AND SITE SIZE WITHIN THE MARKET AREA.

NOTE: ONE OR MORE OF THE COMPARABLE SALES EXCEED THE PREFERRED 1 MILE DISTANCE GUIDELINE. ALTHOUGH IT WAS NECESSARY TO EXCEED THIS GUIDELINE DUE TO THE LACK OF SIMILAR, PROXIMATE SALES, WITH A POOL, THE COMPARABLES USED STILL FALL WITHIN THE SUBJECTS MARKET AREA

IT SHOULD BE NOTED THAT THE SUBJECT PROPERTY H AS AN INOPERABLE POOL. THE HOME OWNER IS IN THE PROCESS OF FILLING IT IN WITH DIRT AS IT LEAKS AND HAS CAUSED SETTLING ISSUES WITH A NEIGHBORING PROPERTY. THE HOME OWNER INDICATED THE COST TO REPAIR THE POOL IS APPROXIMATELY $15,000. THE COST TO FILL THE POOL WITH DIRT IS APPROXIMATELY $2,000. THE APPRAISER HAS UTILIZED ONLY ONE COMPARABLE WITH A POOL AND A NEGATIVE ADJUSTMENT FOR THE POOL IMPROVEMENT HAS BEEN MADE FOR THIS COMPARABLE. NO ADJUSTMENTS FOR THE LACK OF POOL IMPROVEMENTS HAVE BEEN MADE FOR THE OTHER COMPARABLES UTILIZED DUE TO THE CONDITION OF THE SUBJECT PROPERTY POOL. THE APPRAISAL HAS BEEN PERFORMED "AS-IS" WITH A COST TO CURE OF $2,000 TAKEN INTO CONSIDERATION TO FILL THE SUBJECT POOL WITH DIRT. FURTHER, THE SUBJECT POOL IS EMPTY AND PRESENTS HEALTH AND SAFETY ISSUES IN ITS CURRENT CONDITION.

IT SHOULD BE NOTED THE COUNTY RECORDS INCORRECTLY REFLECT THE SUBJECT, COMPARABLES #1, AND #3, AS 3 BEDROOM PROPERTIES. HOWEVER, BASED UPON THE INSPECTION OF THE SUBJECT, AND THE MLS FOR THE COMPARABLES THESE PROPERTIES ARE 2 BEDROOM WITH A DEN. IT SHOULD BE NOTED THE SUBJECT PROPERTY UTILIZES THE 3RD BEDROOM AS A DEN, DUE TO THE FACT FOR A NOMINAL COST IT CAN BE EASILY CONVERTED BACK TO ITS INTENDED USE AS A 3RD BEDROOM. FOR THE PURPOSE OF THIS REPORT NO ADJUSTMENTS HAVE BEEN MADE FOR 2 BEDROOM WITH A DEN VERSUS 3 BEDROOMS.

File No 9-834

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage[usa].

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions
THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF VALUE OF THE SUBJECT PROPERTY, FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT. THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT.



TrueAreal Copyright ® 2005-2008 ACI Division of FNIS/Corelogic Services, Inc - All Rights Reserved. (GPAR™) General Purpose Appraisal Report, 12/2008 GPARLIMI_02 21982091

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1  The statements of fact contained in this report are true and correct.

2.  The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3.  Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4.  The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5.  The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6.  The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7.  The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8.  Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9.  Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

N/A

Additional Certifications:
N/A

Definition of Value:   [X] Market Value      [ ] Other Value _____
Source of Definition: FANNIE MAE FORM 1004 MARCH 2005

DEFINITION OF MARKET VALUE
THE MOST PROBABLE PRICE WHICH A PROPERTY SHOULD BRING IN A COMPETITIVE AND OPEN MARKET UNDER ALL CONDITIONS REQUISITE TO A FAIR SALE, THE BUYER AND SELLER, EACH ACTING PRUDENTLY, KNOWLEDGEABLY AND ASSUMING THE PRICE IS NOT AFFECTED BY UNDUE STIMULUS.  IMPLICIT IN THIS DEFINITION IS THE CONSUMMATION OF A SALE AS OF A SPECIFIED DATE AND THE PASSING OF TITLE FROM SELLER TO BUYER UNDER CONDITIONS WHEREBY: (1) BUYER AND SELLER ARE TYPICALLY MOTIVATED; (2) BOTH PARTIES ARE WELL INFORMED OR WELL ADVISED, AND EACH ACTING IN WHAT HE OR SHE CONSIDERS HIS OR HER OWN BEST INTEREST; (3) A REASONABLE TIME IS ALLOWED FOR EXPOSURE IN THE OPEN MARKET; (4) PAYMENT IS MADE IN TERMS OF CASH IN US DOLLARS OR IN TERMS OF FINANCIAL ARRANGEMENTS COMPARABLE THERETO; AND (5) THE PRICE REPRESENTS THE NORMAL CONSIDERATION FOR THE PROPERTY SOLD UNAFFECTED BY SPECIAL OR CREATIVE FINANCING OR SALES CONCESSIONS GRANTED BY ANYONE ASSOCIATED WITH THE SALE.

THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE VALUE OF THE SUBJECT PROPERTY, FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT, THERE ARE NO ADDITIONAL INTENDED USERS OF THIS APPRAISAL/SUMMARY REPORT.

ADDRESS OF THE PROPERTY APPRAISED:
4851 VILLA CARMEN CIRCLE
NORTH LAS VEGAS, NV 89031-1085
EFFECTIVE DATE OF THE APPRAISAL:  September 23, 2009
APPRAISED VALUE OF THE SUBJECT PROPERTY $  75,000

APPRAISER                                          SUPERVISORY APPRAISER

Signature: _____                Signature: _____
Name:  JAMES DRISCOLL                              Name: _____
State Certification # A.0006362-CR                 State Certification # _____
or License # _____                  or License # _____
or Other (describe): _____  State #: ____     State _____
State: NV                                          Expiration Date of Certification or License: _____
Expiration Date of Certification or License: 12/31/2009    Date of Signature: _____
Date of Signature and Report:  09/26/2009          Date of Property Viewing: _____
Date of Property Viewing:  09/23/2009              Degree of property viewing:
Degree of property viewing:                        [ ] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view
[X] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view

Parker Driscoll Appraisal



PLAT MAP

| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | File No.: B-634 | |
| --- | --- | --- |
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: | |
| City: NORTH LAS VEGAS | State: NV | Zip: B9031-1085 |



FLOOD MAP

| Client:  ATCHISON/CO PHILIP L GOLDSTEIN, LTD | File No.:  9-634 |
|---|---|
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: |
| City: NORTH LAS VEGAS | State: NV    Zip: 89031-1065 |



The District makes no warranties concerning the accuracy of this data.

**This parcel IS NOT in a 100-year flood zone.**

Parcel 12433415043

Owner ATCHISON LANCE & CHERYL

Address 4851 VILLA CARMEN

Entity North Las Vegas

Contact 702-633-1912

Flood Zone This parcel IS NOT in a 100-year flood zone.

LOCATION MAP

| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | | File No.: 9-634 | |
| Property Address: 4851 VILLA CARMEN CIRCLE | | Case No.: | |
| City: NORTH LAS VEGAS | State: NV | | Zip: 89031-1085 |



FLOORPLAN

| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | File No.: 9-634 |
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: |
| City: NORTH LAS VEGAS | State: NV | Zip: 89031-1065 |



Comments:

| AREA CALCULATIONS SUMMARY | | |
|---|---|---|
| Code | Description | Net Size | Net Totals |
| GLA1 | First Floor | 1396.0 | 1396.0 |
| P/P | Porch | 50.0 | |
| | CPATIO | 420.0 | 470.0 |
| GAR | Garage | 392.0 | 392.0 |
| | Net LIVABLE Area | (Rounded) | 1396 |

| LIVING AREA BREAKDOWN | |
|---|---|
| Breakdown | Subtotals |
| First Floor | |
| 7.0 x 14.0 | 98.0 |
| 16.0 x 29.0 | 464.0 |
| 0.5 x 4.0 x 4.0 | 8.0 |
| 12.0 x 21.0 | 252.0 |
| 16.0 x 29.0 | 464.0 |
| 5.0 x 22.0 | 110.0 |
| 6 Items | (Rounded) | 1396 |

SUBJECT PROPERTY PHOTO ADDENDUM

| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | | File No.: 9-534 | |
| Property Address: 4861 VILLA CARMEN CIRCLE | | Case No.: | |
| City: NORTH LAS VEGAS | | State: NV | Zip: 89031-1085 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: September 23, 2009
Appraised Value: $ 75,000



**REAR VIEW OF
SUBJECT PROPERTY**



STREET SCENE

SUBJECT

| | |
|---|---|
| Borrower: NON LENDING | File No.: 9-634 |
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: |
| City: NORTH LAS VEGAS | State: NV    Zip: 89031-1085 |
| Lender: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | |



INGROUND POOL



KITCHEN



LIVING ROOM/ FIREPLACE



BATHROOM



BATHROOM



BEDROOM

COMPARABLE PROPERTY PHOTO ADDENDUM

| | |
|---|---|
| Client: ATCHISON/CO PHILIP L GOLDSTEIN, LTD | File No.: 9-634 |
| Property Address: 4851 VILLA CARMEN CIRCLE | Case No.: |
| City: NORTH LAS VEGAS | State: NV    Zip: 89031-1085 |



**COMPARABLE SALE #1**

4823 CAMINO HERMOSO
NORTH LAS VEGAS
Sale Date: 04/20/2009
Sale Price: $ 72,500



**COMPARABLE SALE #2**

1217 TARAMAR ST
NORTH LAS VEGAS
Sale Date: 07/17/2009
Sale Price: $ 80,000



**COMPARABLE SALE #3**

2912 SHADY GARDEN CT
NORTH LAS VEGAS
Sale Date: 07/31/2009
Sale Price: $ 80,500

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: | ATCHISON/CO PHILIP L GOLDSTEIN, LTD | | File No.: | 9-834 |
| Property Address: 4851 VILLA CARMEN CIRCLE | | | Case No.: | |
| City: NORTH LAS VEGAS | | State: NV | | Zip: 89031-1085 |



**COMPARABLE SALE #4**

1528 RIO BRAVO DR
NORTH LAS VEGAS
Sale Date: 05/29/2009
Sale Price: $ 84,500



**COMPARABLE SALE #5**

5206 LEOPARD CT
NORTH LAS VEGAS
Sale Date: 03/30/2009
Sale Price: $ 110,000



**COMPARABLE SALE #6**

5226 PORTLAND CT
NORTH LAS VEGAS
Sale Date: 07/31/2009
Sale Price: $ 101,500

**EXHIBIT 2**

| B10 (Official Form 10) (12/08) | | | PROOF OF CLAIM |
|---|---|---|---|

| UNITED STATES BANKRUPTCY COURT, | DISTRICT OF    NEVADA (Las Vegas) | Case Number: 09-31139-lbr |
|---|---|---|

| Name of Debtor:    LANCE REED ATCHISON |
| CHERYL LOUISE ATCHISON |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
JP MORGAN CHASE BANK, NATIONAL ASSOCIATION

**Name and address where notices should be sent:**
JP MORGAN CHASE BANK, NATIONAL ASSOCIATION
7255 BAY MEADOWS WAY
JACKSONVILLE, FL 32256
Telephone number: (949) 252-9400

**Name and address where payment should be sent (if different from above):**

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $160,453.61

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    Money loaned

**3. Last four digits of any number by which creditor identifies debtor:**    XXXX8661

**3a. Debtor may have scheduled account as:**

**4. Secured Claim**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    [X] Real Estate    ☐ Motor Vehicle    ☐ Other

**Value of Property:** _____    **Annual Interest Rate** _____

Amount of arrearage and other charges as of time case filed included in secured claim, if any:    $4,448.26    **Basis for perfection:** _____

**Amount of Secured Claim:**    $160,453.61    **Amount Unsecured:** _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**
$ _____

* Amount are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after

| Date:    December 01, 2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| /s/William G. Malcolm | William G. Malcolm    JP Morgan Chase Bank, National Association | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*    B10

APN:
Philip K. Goldstein, Esq.
Nevada Bar #4275
LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.
609 South Seventh Street
Las Vegas, NV  89101
(702) 388-2004
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | ) CASE NO. 09-31139 LBR |
|     LANCE ATCHISON, | ) CHAPTER 13 |
|     CHERYL ATCHISON, | ) |
| | ) Date of Hearing: _3/11/10_ |
|                 Debtors. | ) Time of Hearing: _2:30 P.M._ |
| | ) |

PROPOSED ORDER GRANTING DEBTORS' MOTION TO VALUE
COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF HFC (****8661)
PURSUANT TO 11 U.S.C. §506(a) AND §1322

The Court, having reviewed Debtors' Motion To Value Collateral, and good cause

appearing, IT IS ORDERED:

1.    That the lien against Debtors' property located at 4851 Villa Carmen Cr., North

Las Vegas, Nevada, 89031, be and hereby is avoided and released and will now become an

unsecured claim.

2.    Nothing alters the rights of HFC (****8661) under a conversion or a dismissal.

DATED: This _____ day of _____, 2010.

1

Submitted By:

2

3     LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.

4     By:_____
5          PHILIP K. GOLDSTEIN, ESQ.
          Nevada Bar #4275
6          Attorney for Debtors

7     APPROVED AS TO FORM & CONTENT:

8

9

10    By:_____
         KATHLEEN A LEAVITT
11        CHAPTER 13 TRUSTEE
         201 Las Vegas Blvd. #200
12        Las Vegas, NV 89101

13

14    WHEN RECORDED RETURN TO:
15    PHILIP K. GOLDSTEIN, ESQ.
      609 S. 7TH ST., LAS VEGAS, NV 89101
16

17

18

19

20

21

22

23

24

25

26

27

28

## ALTERNATIVE METHOD re: RULE 9021:

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

_____ The court waived the requirements of approval under LR 9021.

_____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Trustee: Kathleen Leavitt/ Rick Yarnall   - approved/ disapproved/ failed to respond

Counsel appearing: _____ - approved/ disapproved/ failed to respond

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

###

3