# United States Bankruptcy Court
## District of Nevada

### Case No. 09–31139–lbr
### Chapter 13

In re: (Name of Debtor)

LANCE REED ATCHISON
4851 VILLA CARMEN CIRCLE
NORTH LAS VEGAS, NV 89031

CHERYL LOUISE ATCHISON
4851 VILLA CARMEN CIRCLE
NORTH LAS VEGAS, NV 89031

Social Security No.:
xxx–xx–8523

xxx–xx–9411

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

The Court finds that the debtor filed a petition under Title 11, United States Code, on 11/6/09, that the debtor's plan has been confirmed, and that the debtor has fulfilled all requirements under the plan.

**IT IS HEREBY ORDERED THAT:**

1.  Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the Plan or disallowed under 11 U.S.C. Section 502, except any debt:

  a.  provided for under 11 U.S.C. Section 1322(b)(5), and on which the last payment is due after the date on which the final payment under the Plan was due;

  b.  in the nature of a domestic support obligation, as specified in 11 U.S.C. Section 523(a)(5);

  c.  for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

  d.  for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle, vessel, or aircraft while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. Section 532(a)(9);

  e.  for restitution included in a sentence on the debtor's conviction of a crime, in a case commenced on or after November 15, 1990;

  f.  for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994;

  g.  for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual, in a case commenced on or after October 17, 2005; or

  h.  for certain taxes to the extent not paid in full under the plan, in a case commenced on or after October 17, 2005.

2.  Pursuant to 11 U.S.C. Section 1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the Trustee of the debtor's incurring such debt was practicable and was not obtained.

3.  Notwithstanding the provisions of Title 11, United States Code, the debtor is not discharged from any debt made nondischargeable by 18 U.S.C. Section 3613(f), by certain provisions of Titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.

4.  All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

Dated: 9/26/13

BY THE COURT

Mary A. Schott
Clerk of the Bankruptcy Court